■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN CARABELLO, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered January 7, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 4½ to 9 years, unanimously affirmed.

On August 11, 1990, defendant removed the glassine envelopes of heroin from a brown paper bag and sold them. After the buyer left, defendant placed the brown paper bag on a garbage pile nearby. These actions were observed by an undercover officer who radioed members of the backup team. Both the buyer and defendant were arrested and the brown paper bag containing another 25 glassines of heroin was recovered.

On appeal, defendant claims he was denied a fair trial because of statements made by the prosecutor during summation and that he was denied the effective assistance of counsel.

Defendant's argument that the prosecutor committed error in summation was not preserved and we decline to review it in the interest of justice. (CPL 470.05 [2].) Were we to consider it, we would find that none of the comments now complained of were so significant as to create a reasonable probability that defendant's right to a fair trial was denied, and that most of the comments were fair responses to counsel's summation. Further review of the record discloses that defendant was afforded meaningful representation within the meaning of *People v Baldi* (54 NY2d 137). Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.